1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   BRUCE L. SHAW,                    )        No. C 10-5800 LHK (PR)
                                       )
13              Petitioner,            )        ORDER DENYING MOTION
                                       )        FOR LEAVE TO PROCEED IN
14     v.                              )        FORMA PAUPERIS;
                                       )        DENYING APPOINTMENT
15                                     )        OF COUNSEL; ORDER TO
                                       )        SHOW CAUSE
16   ANTHONY HEDGPETH,                 )
                                       )        (Docket Nos. 2, 3)
17              Respondent.            )
     _____)

18
19          Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus

20   challenging his conviction and sentence pursuant to 28 U.S.C. § 2254.  Petitioner's motion for

21   leave to proceed in forma pauperis is DENIED.  Petitioner's motion for appointment of counsel

22   is DENIED.  The Court orders Respondent to show cause why a writ of habeas corpus should

23   not be granted.

                                    **DISCUSSION**

24   **A.    Standard of Review**

25          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

26   custody pursuant to the judgment of a state court only on the ground that he is in custody in

27   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose*

28

1    *v. Hodges*, 423 U.S. 19, 21 (1975).

2         A district court shall "award the writ or issue an order directing the respondent to show

3    cause why the writ should not be granted, unless it appears from the application that the

4    applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

5    **B.    Petitioner's Claims**

6         As grounds for federal habeas relief, Petitioner claims that: (1) the trial court improperly

7    limited voir dire by prohibiting counsel from asking whether prospective jurors could be

8    impartial to testimony regarding homosexual panic, and (2) the trial court improperly restricted

9    the jury from considering Petitioner's life experiences and background as it related to the issue

10   of provocation.  Liberally construed, these claims are cognizable on federal habeas review.  The

11   Court orders Respondent to show cause why the petition should not be granted as to the above

12   issues.

13   **C.    Motion for Appointment of Counsel**

14        Petitioner has requested appointment of counsel in this action.  However, the Sixth

15   Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*,

16   791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court

17   to appoint counsel to represent a habeas petitioner if "the court determines that the interests of

18   justice so require," the courts have made appointment of counsel the exception rather than the

19   rule.  Appointment is mandatory only when the circumstances of a particular case indicate that

20   appointed counsel is necessary to prevent due process violations.  *See Chaney v. Lewis*, 801 F.2d

21   1191, 1196 (9th Cir. 1986).  Petitioner has thus far been able to adequately present his claims for

22   relief.  Respondent will be ordered to produce the state records, and the Court already has a copy

23   of Petitioner's petition for review to the California Supreme Court, as prepared by counsel.  No

24   evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances

25   apparent.  At this time, appointment of counsel is not mandated, and the interests of justice do

26   not require appointment of counsel.  Accordingly, the Plaintiff's request is DENIED.  This

27   denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of

28

1   this case dictate otherwise.

2                                        **CONCLUSION**

3          1.      Petitioner's motion for leave to proceed in forma pauperis is DENIED.  Petitioner

4   must pay the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of

5   this action for failure to pay the filing fee.

6          2.      Petitioner's motion for appointment of counsel is DENIED.

7          3.      The Clerk shall serve by mail a copy of this order and the petition and all

8   attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of

9   the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

10         4.      Respondent shall file with the Court and serve on Petitioner, within **ninety days**

11  of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

12  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

13  granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of

14  the underlying state criminal record that have been transcribed previously and that are relevant to

15  a determination of the issues presented by the petition.

16         If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

17  Court and serving it on Respondent within **thirty days** of the date the answer is filed.

18         5.      Respondent may file a motion to dismiss on procedural grounds in lieu of an

19  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

20  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,

21  Petitioner shall file with the court and serve on Respondent an opposition or statement of non-

22  opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the

23  court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

24         6.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that

25  all communications with the Court must be served on Respondent by mailing a true copy of the

26  document to Respondent's counsel.  Petitioner must keep the court and all parties informed of

27  any change of address by filing a separate paper captioned "Notice of Change of Address."  He

28

Order Denying Motion for Leave to Proceed In Forma Pauperis; Denying Appointment of Counsel; Order to Show
Cause

1   must comply with the Court's orders in a timely fashion.  Failure to do so may result in the

2   dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure

3   41(b).

4        IT IS SO ORDERED.

5   DATED:   2/4/11

        *Lucy H. Koh*

6                                          LUCY H. KOH
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28